IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY DENMAN, #06640-078,<br>       Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:16-CV-1188-G-BK |
|  | § | (3:05-CR-0051-G-3) |
| UNITED STATES OF AMERICA,<br>       Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed as time barred.

**I. BACKGROUND**

In 2006, Petitioner pled guilty to possession with intent to distribute a controlled substance and was sentenced to 192 months' imprisonment. *United States v. Denman*, 3:05-CR-051-G (N.D. Tex. 2006), Crim. Doc. 89. He did not appeal and this Court subsequently denied his motions to reduce sentence.

On May 2, 2016, Petitioner filed this section 2255 motion, challenging his sentence as unconstitutional under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 1 at 4, 10. Petitioner asserts counsel rendered ineffective assistance in failing to object to the finding in the presentence report (PSR) that he was a career offender under section 4B1.1 of the United States Sentencing Guidelines. Doc. 1 at 4. He maintains that his prior conviction for delivery of

a controlled substance does not qualify as a controlled substance offense under U.S.S.G. §4B1.2(b). Regarding the timelines of his section 2255 motion, Petitioner relies on *Johnson*, which was recently found retroactively applicable to cases on collateral review in *United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016). Doc. 1 at 12. He also claims that he is "actually innocent of the career offender" provision. *Id.*

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond. *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[1]

Petitioner apparently relies on 28 U.S.C. § 2255(f)(3)[2] and *Johnson* to overcome the one-year statute of limitations under section 2255(f)(1), since otherwise, his section 2255 motion is clearly untimely. Over ten years have elapsed since his conviction first became final in 2006. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final under section 2255(f)(1) when the applicable period for seeking direct review of a conviction has expired).

However, Petitioner's reliance on section 2255(f)(3) and *Johnson* is misplaced. *Johnson*

---

[1] Here, Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to the findings, conclusions and recommendation. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

[2] Section 2255(f)(3) provides that the one-year period in which to file a section 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

has no bearing on Petitioner's sentence, since it was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional.  See *Johnson*, --- U.S. ---, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA).  Rather Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 because of two prior controlled substance offenses, and not because of a conviction for a prior "crime of violence," as defined under the residual clause of the ACCA, U.S.S.G. § 4B1.2(a)(2).  *See* Crim. Doc. 163 at 13, PSR ¶ 35.

Moreover, even assuming that the Career Offender definition of "violent felony" is sufficiently analogous to the "crime of violence" definition in the ACCA, so that it is also unconstitutional under *Johnson*,[3] Petitioner could not avail himself of 28 U.S.C. § 2255(f)(3), to avoid the untimeliness issue.  By its plain reading, the limitation provision of section 2255(f)(3) applies only if the right is one "newly recognized by the Supreme Court."  *Id*.  Again, at this juncture, *Johnson* calls into question *only* the residual clause of the ACCA.  And to the extent Petitioner raises the issue now in an attempt to preserve it, the record obviously reflects his effort.

Petitioner's contention that he is actually innocent of being a career offender likewise fails.  Doc. 1 at 10.  While a claim of actual innocence may provide "a gateway through which a

---

[3] Like the ACCA, the career offender provisions contain an identically worded residual clause.  *Compare* U.S.S.G. § 4B1.2(a)(2) ("The term crime of violence means any offense . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.") *with* 18 U.S.C. § 924(e)(2)(B)(ii) ("the term 'violent felony' means any crime . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another").  *See also*  *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015) ("proceed[ing] on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well"); *United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per curiam) ("For our purposes, the [ACCA] definition for a 'violent felony' is identical to the career offender guideline definition for a 'crime of violence.'").

petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ⎯⎯ U.S. ⎯⎯, 133 S. Ct. 1924, 1928 (2013). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the finding of guilt. He only challenges the legality of the determination that he is a career offender, which as previously noted is unaffected by *Johnson*. In any event, actual innocence jurisprudence "does not apply to habeas claims based on actual innocence of a sentence." *United States v. Jones,* 758 F.3d 579, 587 (4th Cir. 2014), *cert. denied,* 135 S. Ct. 1467 (2015).

     Moreover, Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner cannot carry his burden of establishing that

equitable tolling is warranted in this case.[4]  *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** June 15, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4]  In addition, the Court finds that 28 U.S.C. §§ 2255(f)(2) and (4) are inapplicable here.  Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.