**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEFFREY DENMAN, #06640-078,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-1188-G-BK** |
| | § | **(Criminal No. 3:05-CR-051-G-3)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and the February 9, 2017 Order of Reference, Petitioner's *pro se* motion for reconsideration under FED. R. CIV. P. 60(b), filed on February 7, 2017, was referred to the United States magistrate judge for a recommended disposition. Doc. 13; Doc. 14. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the Rule 60(b) motion, be construed as a successive habeas application and transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 2006, Petitioner pled guilty to possessing with intent to distribute a controlled substance and was sentenced to 192 months' imprisonment. Crim. Doc. 89. He did not file a direct appeal. This Court subsequently dismissed as time barred his motion to vacate sentence under 28 U.S.C. § 2255, which challenged his sentence as unconstitutional under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015). Doc. 3; Doc. 4; Doc. 5. Petitioner's subsequent application for a certificate of appealability to challenge the dismissal was denied by the appellate court. Doc. 12. Petitioner now seeks to set aside the judgment of this Court under Rule 60(b), raising a new claim based on *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 2243 (2016), and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016). Doc. 13 at 2-4.

## II. ANALYSIS

The Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" based on certain enumerated grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, void judgment, release and satisfaction, or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)-(6). To avoid conflict between the strict limitations on second-or-successive habeas petitions and the more lenient provisions of Rule 60(b) governing motions for relief from final judgments, however, the court must first examine whether a Rule 60(b) motion is, in fact, a second or successive habeas petition. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 531-532 (2005).

A district court may only entertain a Rule 60(b) motion in a habeas proceeding under very narrow circumstances. A true Rule 60(b) motion is one that either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Gonzalez*, 545 U.S. 531-532 & n. 4 and 5; *see also Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) ("where a habeas petitioner 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as . . . statute of-limitations bar,' Rule 60(b) empowers a federal court to hear the petitioner's challenge"); *Balentine v. Thaler,* 626 F.3d 842, 847 (5th Cir. 2010) ("To open the Rule 60(b) door . . . there must be a showing of a non-merits-based defect in the district court's earlier decision on the federal habeas petition.").

Here, the ground for relief urged by Petitioner does not qualify for consideration under Rule 60(b). Petitioner does not challenge the Court's determination that his original federal

petition was time barred because *Johnson* has no bearing in his case. *See Adams v. Thaler,* 679 F.3d 312, 319 (5th Cir. 2012) (citing *Gonzalez v. Crosby,* 545 U.S. 524, 532 n. 4 (2005)) (Rule 60(b) motion directed to a procedural ruling that bars consideration of the merits, such as a exhaustion, procedural default, or statute of limitations, is not considered a "successive" petition and is properly considered by the district court)). Rather, he presents new grounds for habeas relief based on *Mathis* and *Hinkle. See Gonzalez,* 545 U.S. at 530-532 (a Rule 60(b) motion impermissibly advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits"). Consequently, even when liberally construed, Petitioner's Rule 60(b) motion is the equivalent of a second or successive application, which the Court lacks jurisdiction to review unless Petitioner first seeks leave to file from the United States Court of Appeals for the Fifth Circuit. *Cf. id.* (a Rule 60(b) motion raising substantive claims challenging a state court conviction should be construed as a successive application); 28 U.S.C. § 2244(b)(3)(A) and (B) (before a petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing); *Crone v. Cockrell,* 324 F.3d 833, 836 (5th Cir. 2003) (Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion for reconsideration under FED. R. CIV. P. 60(b) be **CONSTRUED** as a successive motion to vacate sentence under 28 U.S.C. § 2255, and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

**SIGNED** April 13, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE